IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORHAN HAKAJ, YAROSLAV LUPACHOV and SAHRUDIN RADONCIC, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>THE ORIGINAL HOMESTEAD RESTAURANT INC. d/b/a OLD HOMESTEAD STEAKHOUSE, MARC SHERRY and GREGORY SHERRY, Jointly and Severally,<br><br>      Defendants. | 22 Civ. 00353 (RA)(BCM)<br><br>[PROPOSED] JUDGMENT |

  A notice of acceptance of Rule 68 Offers of Judgment having been filed on December 19, 2023; and Defendants The Original Homestead Restaurant Inc. d/b/a Old Homestead Steakhouse, Marc Sherry and Gregory Sherry (collectively, "Defendants"), having offered Opt-in Plaintiffs William Cruz ("Cruz") and Rafael Almonte ("R. Almonte") to take a judgment against them in the amount of $20,000.00 for Cruz and $20,000.00 for R. Almonte (the "Judgment Amounts"), inclusive of all of Cruz and R. Almonte's claims for relief, damages, attorneys' fees, costs, and expenses; it is

  ORDERED and ADJUDGED that:

(1) Judgment is hereby entered pursuant to Rule 68 of the Federal Rules of Civil Procedure in favor of Opt-in Plaintiffs William Cruz and Rafael Almonte and against Defendants The Original Homestead Restaurant Inc. d/b/a Old Homestead Steakhouse, Marc Sherry and Gregory Sherry in the amount of $40,000.00 (i.e., $20,000.00 for Cruz and $20,000.00 for

R. Almonte), inclusive of all of Cruz and R. Almonte's claims for relief, damages, attorneys' fees, costs, and expenses;

(2) This Judgment resolves all claims alleged by Cruz and R. Almonte in the above-captioned civil action and releases all Defendants and their successors or assigns, and all their past and present employees, shareholders, directors, officers, members, representatives, managers, and agents (collectively, "Releasees") from any and all claims that were, or could have been, alleged by Cruz and R. Almonte in the above-captioned civil action, including but not limited to those arising from Defendants' compensation of Cruz and R. Almonte during their employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate or untimely payment or nonpayment of wages and any other compensation including tips/gratuities, failure to provide requisite notice of pay rate or wage statements, retaliation, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to New York and federal law (29 U.S.C. §201, *et. seq.*, New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq.*, 652, and 653 and relevant sections of N.Y. Comp. Codes R. & Regs.);

(3) Cruz and R. Almonte agree that the payment of the Judgment Amounts shall be made with $1,650.00 allocated to unpaid wages and the remainder allocated to liquidated damages, emotional distress and attorney's fees and costs;

(4) Full payment of the Judgment Amounts shall be issued within three (3) business days of the date the court enters judgment upon Cruz and R. Almonte's acceptances of Defendants' Offers of Judgment;

(5) Cruz and R. Almonte will not publish or publicize in the media (print or broadcast) or on the Internet the circumstances, events, occurrences, and/or documents underlying Cruz and R. Almonte's claims against Defendants, or the Judgment Amounts (other than to the extent the Judgment Amounts are publicly available on the Court's docket);

(6) This Judgment shall not be construed as an admission of liability or that Cruz and R. Almonte has suffered any damages, and Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Cruz and R. Almonte, including with respect to Cruz and R. Almontes employment, including Cruz and R. Almonte's pay while in Defendants' employ.

(7) The terms of this Judgment, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Judgment, or as may otherwise be required by law.

SO ORDERED.

_____
The Honorable Ronnie Abrams
U.S. District Judge
December 21, 2023