IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORHAN HAKAJ, YAROSLAV LUPACHOV and SAHRUDIN RADONCIC, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>THE ORIGINAL HOMESTEAD RESTAURANT INC. d/b/a OLD HOMESTEAD STEAKHOUSE, MARC SHERRY and GREGORY SHERRY, Jointly and Severally,<br><br>      Defendants. | 22 Civ. 00353 (RA)(BCM)<br><br>[~~PROPOSED~~] JUDGMENT |

  A notice of acceptance of Rule 68 Offers of Judgment having been filed on March 6, 2024; and Defendants The Original Homestead Restaurant Inc. d/b/a Old Homestead Steakhouse, Marc Sherry and Gregory Sherry (collectively, "Defendants"), having offered Opt-in Plaintiffs Edgar Hernandez ("E. Hernandez"), Milton Ferrera ("Ferrera"), Segundo Quito ("Quito") and Samuel Almonte ("S. Almonte") to take judgment against them in the amount of $24,500.00 for E. Hernandez, $24,500.00 for Ferrera, $24,500.00 for Quito and $24,500.00 for S. Almonte (the "Judgment Amounts"), inclusive of all of E. Hernandez, Ferrera, Quito and S. Almonte's claims for relief, damages, attorneys' fees, costs, and expenses; it is

  ORDERED and ADJUDGED that:

 (1) Judgment is hereby entered pursuant to Rule 68 of the Federal Rules of Civil Procedure in favor of Opt-in Plaintiffs E. Hernandez, Ferrera, Quito and S. Almonte and against Defendants The Original Homestead Restaurant Inc. d/b/a Old Homestead Steakhouse,

Marc Sherry and Gregory Sherry in the amount of $98,000.00 (i.e., $24,500.00 for E. Hernandez, $24,500.00 for Ferrera, $24,500.00 for Quito and $24,500.00 for S. Almonte), inclusive of all of E. Hernandez, Ferrera, Quito and S. Almonte's claims for relief, damages, attorneys' fees, costs, and expenses;

(2) This Judgment resolves all claims alleged by E. Hernandez, Ferrera, Quito and S. Almonte in the above-captioned civil action and releases all Defendants and their successors or assigns, and all their past and present employees, shareholders, directors, officers, members, representatives, managers, and agents (collectively, "Releasees") from any and all claims that were, or could have been, alleged by E. Hernandez, Ferrera, Quito and S. Almonte in the above-captioned civil action, including but not limited to those arising from Defendants' compensation of E. Hernandez, Ferrera, Quito and S. Almonte during their employment with any Defendants, including but not limited to the release of any claims for unpaid, inaccurate or untimely payment or nonpayment of wages and any other compensation including tips/gratuities, failure to provide requisite notice of pay rate or wage statements, retaliation, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to New York and federal law (29 U.S.C. §201, *et. seq.*, New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq.*, 652, and 653 and relevant sections of N.Y. Comp. Codes R. & Regs.);

(3) E. Hernandez, Ferrera, Quito and S. Almonte agree that the payment of the Judgment Amounts shall be made with $1,650.00 allocated to unpaid wages and the remainder allocated to liquidated damages, emotional distress and attorney's fees and costs;

(4) Full payment of the Judgment Amounts shall be issued within three (3) business days of the date the court enters judgment upon E. Hernandez, Ferrera, Quito and S. Almonte's acceptances of Defendants' Offers of Judgment;

(5) E. Hernandez, Ferrera, Quito and S. Almonte will not publish or publicize in the media (print or broadcast) or on the Internet the circumstances, events, occurrences, and/or documents underlying E. Hernandez, Ferrera, Quito and S. Almonte's claims against Defendants, or the Judgment Amounts (other than to the extent the Judgment Amounts are publicly available on the Court's docket);

(6) This Judgment shall not be construed as an admission of liability or that E. Hernandez, Ferrera, Quito and S. Almonte have suffered any damages, and Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to E. Hernandez, Ferrera, Quito and S. Almonte, including with respect to E. Hernandez, Ferrera, Quito and S. Almonte's employment, including E. Hernandez, Ferrera, Quito and S. Almonte's pay while in Defendants' employ.

(7) The terms of this Judgment, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Judgment, or as may otherwise be required by law.

**SO ORDERED.**

Dated:  March 7, 2024

_____
HONORABLE RONNIE ABRAMS
United States District Judge