IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORHAN HAKAJ, YAROSLAV LUPACHOV and SAHRUDIN RADONCIC, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>THE ORIGINAL HOMESTEAD RESTAURANT INC. d/b/a OLD HOMESTEAD STEAKHOUSE, MARC SHERRY and GREGORY SHERRY, Jointly and Severally,<br><br>     Defendants. | 22 Civ. 00353 (RA)(BCM)<br><br>[~~PROPOSED~~] JUDGMENT |

   A notice of acceptance of Rule 68 Offer of Judgment having been filed on June 13, 2024; and Defendant The Original Homestead Restaurant Inc. ("Old Homestead"), on behalf of Old Homestead, Marc Sherry and Gregory Sherry (collectively, "Defendants"), having offered Plaintiff Orhan Hakaj ("Hakaj") to take judgment against Old Homestead, on behalf of all Defendants, in the amount of $24,500.00 for Hakaj (the "Judgment Amount"), inclusive of all of Hakaj's claims for relief, damages, attorneys' fees, costs, and expenses; it is

   ORDERED and ADJUDGED that:

(1) Judgment is hereby entered pursuant to Rule 68 of the Federal Rules of Civil Procedure in favor of Plaintiff Orhan Hakaj against Defendant The Original Homestead Restaurant Inc., on behalf of all Defendants, in the amount of $24,500.00, inclusive of all of Hakaj's claims for relief, damages, attorneys' fees, costs, and expenses;

(2) This Judgment resolves all claims alleged by Hakaj in the above-captioned civil action and releases all Defendants and their successors or assigns, and all their past and present employees, shareholders, directors, officers, members, representatives, managers, and agents (collectively, "Releasees") from any and all claims that were, or could have been, alleged by Hakaj in the above-captioned civil action, including but not limited to those arising from Defendants' compensation of Hakaj during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate or untimely payment or nonpayment of wages and any other compensation including tips/gratuities, failure to provide requisite notice of pay rate or wage statements, retaliation, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to New York and federal law (29 U.S.C. §201, *et. seq.*, New York Labor Law §§ 191, 193, 196-d, 198-b, 650, *et. seq.*, 652, and 653 and relevant sections of N.Y. Comp. Codes R. & Regs.);

(3) Hakaj agrees that the payment of the Judgment Amounts shall be made with $1,650.00 allocated to unpaid wages and the remainder allocated to liquidated damages, emotional distress and attorney's fees and costs;

(4) Full payment of the Judgment Amount shall be issued within three (3) business days of the date the court enters judgment upon Hakaj's acceptance of the Offer of Judgment;

(5) Hakaj will not publish or publicize in the media (print or broadcast) or on the Internet the circumstances, events, occurrences, and/or documents underlying Hakaj's claims against Defendants, or the Judgment Amount (other than to the extent the Judgment Amount is publicly available on the Court's docket);

(6) This Judgment shall not be construed as an admission of liability or that Hakaj has suffered any damages, and Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Hakaj's employment, including Hakaj's pay while in Defendants' employ.

(7) The terms of this Judgment, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Judgment, or as may otherwise be required by law.

**SO ORDERED.**

Dated: June 14, 2024

_____
HONORABLE RONNIE ABRAMS
United States District Judge